UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EARL D. WILDER,  )  | |
|     Petitioner,  )  | |
| )  | |
| v.  )  | CAUSE NO.: 3:23-CV-964-JVB-JEM |
| )  | |
| SHERIFF,  )  | |
|     Respondent.  )  | |

**OPINION AND ORDER**

Earl D. Wilder, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a sentence imposed in Miami County under Case No. 52C01-0008-CF-67. (ECF 1.) He moves for leave to proceed in forma pauperis. (ECF 2.) In the interest of justice, the motion is granted, and the filing fee waived.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" The petition and public records reflect that Mr. Wilder has a complex criminal history.[1] As set forth by the Indiana Court of Appeals:

> On January 5, 2001, Wilder was sentenced to fifty years in Miami County in Cause Number 52C01-0008-CF-67 (Cause -67) for attempted murder, rape, criminal deviate conduct, and two counts of intimidation. Of that fifty-year sentence, thirty years were suspended to probation. On November 12, 2007, Wilder was released from the DOC and began serving his probation in Cause -67.
>
> In December 2011, while still on probation in Cause -67, Wilder was arrested in Howard County on several new drug-related charges in Cause Number 34D01-1112-FB-1125 (Cause -1125). On September 26, 2012, Wilder pleaded guilty in Cause -1125 and, on October 1, 2012, was sentenced to ten years, with eight years executed and two years suspended to supervised probation. The State filed a notice of probation violation in Cause -67, and Wilder admitted to violating his probation. On November 14, 2012, the Miami County trial court imposed ten

---

[1] The Court is permitted to take judicial notice of public records in ruling on the petition. *See* Fed. R. Evid. 201.

years of Wilder's previously-suspended Cause -67 sentence, to be served "consecutive" to the sentences imposed in Cause -1125 and Cause Number 34D03-1112-FD-1123.

Having earned credit time while incarcerated, on July 7, 2020, Wilder was released on parole. On August 19, 2020, Wilder executed a parole release agreement whereby he acknowledged that he was prohibited from engaging in criminal conduct, including possession of illegal substances, while on parole. On September 26, 2021, after a parole search of Wilder's home, Wilder was charged in Miami County in Cause Number 52D02-2109-F6-000320 (Cause -320) with possession of methamphetamine, drug paraphernalia, and a syringe. Wilder was taken into custody and held at the Miami County Jail. A parole hold was also placed on Wilder.

On October 15, 2021, while still being held in the Miami County Jail, Wilder filed his Application/Complaint for Writ of Habeas Corpus along with a supporting memorandum. Wilder alleged that he was being unlawfully detained at the Miami County Jail since September 26, 2021, and was entitled to immediate release due to "a parole hold placed on him by the [Parole Board]" by Parole Agent Craig Smith (Agent Smith) who had alleged "that Wilder had violated the terms of his parole and had him arrested." Wilder argued that his detainment under the parole hold was unlawful because he had begun his parole on July 7, 2020, that he could only be lawfully placed on parole for one year, and that, thus, his parole had expired on July 7, 2021. . . .

Wilder's argument that he could only be the subject of one year of lawful parole was underpinned by his theory that, in contravention to Indiana Code section 35-50-1-2(d)(1) (2012), the Miami County trial court judge who presided over his probation revocation in Cause -67 had illegally ordered him to first serve his eight years in Cause -1125 before serving his ten-year probation revocation sanction in Cause -67. According to Wilder, the trial court was required to order him to serve his ten years in Cause -67 before serving his eight-year sentence in Cause -1125. This purportedly illegal ordering of his sentences also formed the basis for Wilder's claim that the Cause -67 trial court judge had violated the separation of powers doctrine by usurping the Legislature's province in enacting Indiana's sentencing statutes. Wilder argued that had he served his sentences in the desired order, and assuming that he earned credit time, he could have served part of his five years of parole in Cause -67 while serving his Cause -1125 sentence, thus finishing his parole by July 7, 2021.

*Wilder v. Hunter*, 190 N.E.3d 971 (Table), 2022 WL 2237561, at *1-2 (Ind. Ct. App. 2022)

(headnotes, footnotes, and internal citations omitted). His petition was denied. *Id.*

2

On appeal, the Indiana Court of Appeals concluded that his petition was properly construed as a petition for post-conviction relief, because the basis of his argument "was that in 2012 the Miami County trial court judge had illegally and unconstitutionally ordered the sequence of the service of the sentence for Cause -1125 and his probation revocation sanction in Cause -67." *Id.* at *3. The court concluded that this argument had to be raised in a post-conviction petition, not a habeas corpus petition. *Id.* On the merits, the court concluded that his consecutive sentence was proper under Indiana law. *Id.* at *4. The Indiana Supreme Court denied transfer without comment. *Wilder v. State*, 205 N.E.3d 190 (Table) (Ind. 2023).

On October 30, 2023, Mr. Wilder tendered his federal petition for mailing.[2] (*Id.* at 5.) He asserts four claims, three of which argue that his consecutive sentence is invalid. (ECF 1 at 2-4.) His remaining claim is that he did not receive effective assistance of counsel in connection with his 2012 plea agreement because counsel should have objected to the consecutive sentence. (*Id.* at 4.)

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[2] Mr. Wilder is currently in custody at a county jail. It appears that he was released on parole again but was detained for a new offense of failing to register as a sex offender. *See State v. Wilder,* 34C01-2304-F6-001239 (Howard Cir. Ct. filed Apr. 26, 2023). Because it appears he still has a term of parole to serve in connection with the conviction he challenges, he meets the "in custody" requirement. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

>States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Wilder was sentenced in November 2012. He did not pursue a direct appeal, and his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing a direct appeal in the Indiana Court of Appeals expired 30 days after judgment was entered. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for seeking further review expires); IND. R. APP. 9(A) (appeal must be filed within 30 days of judgment). The federal limitations period began running in December 2012, giving him until December 2013 to file a timely federal habeas petition. He did not file by that deadline and instead waited until October 2023 to seek federal habeas relief. He sought state post-conviction relief in the interim, but his state petition was not filed until October 2021, after the federal deadline had already expired. *See Wilder*, 2022 WL 2237561, at *2. The state court's subsequent refusal to upset his conviction did not restart the federal clock or open a new "window" for habeas review. *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

Although unclear, Mr. Wilder appears to argue that he did not know the factual basis for his claims until years after the sentence was imposed, specifically, when he began serving his term of parole.[3] (ECF 1 at 5.) He appears to be invoking 28 U.S.C. § 2244(d)(1)(D), which provides that a claim must be filed within one year of the date "on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Because "the clock . . . starts at the time a reasonable person would have discovered those facts," he must show that he could not have reasonably discovered the facts underlying his claims any earlier. *Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013). He cannot meet that standard. The trial court's judgment imposed in 2012 clearly stated that his sentence would run "consecutive" to the sentence imposed in the #1125 case. *See State v. Wilder*, 52C01-0008-CF-67 (Miami Cir. Ct. order dated Nov. 14, 2012). The factual basis for a claim that a consecutive sentence was improper would have been readily apparent to a reasonable person at that time.

Even if the Court were to presume that he could not have discovered the factual basis for his claims until he began serving his term of parole, he was released on parole in July 2020. *Wilder*, 2022 WL 2237561, at *4. He did not pursue federal habeas relief within a year of that date, nor did he file anything in the state court that would have tolled the federal deadline until October 2021, more than one year later.[4] After his state appeals concluded, he waited another eight months

---

[3] The Court notes that Mr. Wilder does not assert any newly recognized claims, nor does he argue that a state-created impediment prevented him from filing his petition on time.

[4] Although Mr. Wilder sought leave to pursue a successive post-conviction petition and filed a motion to modify his sentence during this period, these filings did not toll the federal deadline under 28 U.S.C. § 2244(d)(2). *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009); s*ee also Price v. Pierce*, 617 F.3d 947, 950 (7th Cir. 2010) (describing types of state court collateral review procedures that qualify for tolling under 28 U.S.C. § 2244(d)(2)); *Littles v. Superintendent*, No. 3:11-CV-424, 2011 WL 6292039, at *2 (N.D. Ind. Dec. 15, 2011) ("[A] motion to modify sentence is not a collateral attack for purposes of § 2244(d)(2).").

to pursue federal habeas relief. Thus, even if the Court were to accept his argument about when the statute of limitations began running, the petition would not be timely filed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As explained above, the petition is untimely by several years and Mr. Wilder does not provide a potentially meritorious argument for reaching a different conclusion. On the second prong, it is questionable whether the petition states a valid claim for the denial of a constitutional right. Although Mr. Wilder attempts to cloak his challenge to his sentence in federal constitutional principles, at bottom his claims are premised on his interpretation of state law.[5] His claim to the Indiana Court of Appeals was that the trial court misinterpreted the state sentencing statute, IND. CODE § 35-50-1-2(d)(1), and violated separation of powers principles contained in the Indiana Constitution when it imposed the consecutive sentence. *Wilder*, 2022 WL 2237561, at *4. Even if he is correct that the sentence violated state law, this would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

His remaining claim is that his Sixth Amendment right to counsel was violated because his counsel failed to object to the consecutive sentence. It is evident that he did not present this claim

---

[5] Specifically, Mr. Wilder argues that the state court's failure to discuss the "Indiana authority" he cited in his appellate brief and refusal to overturn his sentence violated his Fourteenth Amendment rights. (ECF 1 at 3-4.) These do not appear to be cognizable federal claims grounded in Supreme Court authority. Furthermore, the state court concluded that his consecutive sentence was valid under state law, and this Court has no authority to question that determination. *Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004) (a federal habeas court has no authority to "second-guess state courts in interpreting state law").

in one complete round of state review, either on direct appeal or in the post-conviction proceedings, and that the time for doing so has passed. *Davila v. Davis*, 582 U.S. 521, 528 (2017); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). Additionally, the state courts rejected his argument that his sentence violated state law, and counsel is not deficient for failing to raise a "losing argument." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

Therefore, the Court finds no basis to conclude that reasonable jurists would debate the correctness of the Court's ruling or find a reason to encourage him to proceed further. He will not be granted a certificate of appealability.

For these reasons, the Court:

(1) **GRANTS** the petitioner's motion to proceed in forma pauperis (ECF 2) and **WAIVES** the filing fee;

(2) **DISMISSES** the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(3) **DENIES** the petitioner a certificate of appealability; and

(4) **DIRECTS** the clerk to close this case.

SO ORDERED on November 13, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT